IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RENATA FILES,<br><br>      Petitioner,<br><br>v.<br><br>KAREN FLOWERS,<br><br>      Respondent. | CIVIL ACTION NO.: 6:23-cv-57 |

### REPORT AND RECOMMENDATION

Petitioner Renata Files ("Files"), through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging her 2019 Tattnall County, Georgia convictions and sentences.  Doc. 1.  Respondent filed an Answer-Response and supporting exhibits.  Docs. 6, 7.  For the reasons set forth below, I **RECOMMEND** the Court **DENY** Files's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Files leave to proceed *in forma pauperis* and a Certificate of Appealability.

### BACKGROUND

A Tattnall County grand jury indicted Files for: malice murder (count 1); felony murder predicated on aggravated assault and burglary (counts 2 and 3); the predicate felonies of aggravated assault and burglary (counts 4 and 5); and possession of a firearm during the commission of a felony as to the death of Malik Murphy (count 10).  Files was also indicted as to offenses against David Murphy for aggravated assault and aggravated battery (counts 6 and 7) and possession of a firearm during the commission of a felony (count 11).  Files was also

indicted as to offenses against Leslie Murphy for aggravated assault, aggravated battery, and possession of a firearm during the commission of a felony (counts 8, 9, and 12). Doc. 6-1 at 1; Doc. 7-1. Files later pleaded guilty to all 12 counts of the indictment.[1] Doc. 6-1 at 2. The court sentenced Files to: life imprisonment on count 2 and merged counts 1, 3, and 4 with count 2; 20 years' imprisonment on counts 5 through 9, to be served concurrently with count 2; and five years' imprisonment on counts 10 and 11, to be served consecutively to count 2; the court also entered an order of nolle prosequi on count 12. Files did not file a direct appeal. Id.; Doc. 7-2.

Files filed a state habeas corpus application with the Pulaski County Superior Court and raised three enumerations of error. Files asserted, through counsel, her plea counsel rendered ineffective assistance by failing to advise Files of all of her legal defenses and misadvised her about the effect that Files's mental illness had on the State's case. Files also asserted her plea was not entered into freely, knowingly, or intelligently due to her mental illness. Doc. 7-2 at 5. After a two-part hearing, docs. 7-6, 7-7, the Pulaski County Superior Court denied Files's requested relief.[2] Doc. 7-8. The Georgia Supreme Court denied Files's application for certificate of probable cause to appeal. Doc. 1-2; Doc. 7-9.

Files has now filed her § 2254 Petition, which is fully briefed and ripe for review.

## DISCUSSION

In her Petition, Files asserts her plea counsel was ineffective. Specifically, Files asserts counsel began representing her only a few days before Files pleaded guilty and the case was on

---

[1] The factual underpinnings of Files's charges are not entirely clear. It appears Files is related to the Murphys and went to their home to confront them about an ownership issue involving a Jeep. Doc. 7-7 at 35. Files brought a firearm with her for protection or for use to scare the Murphys. Id. at 35–36, 37. It appears two people were shot, and one of those two died.

[2] The state habeas court conducted the hearing in two parts because Files's attorney, Rodney Zell, appeared remotely during the initial hearing and experienced some technical difficulties. Doc. 7-6 at 10, 13.

2

the trial calendar for the following week.  Doc. 1 at 5.  Files also asserts counsel met with her once, which was the day before she pleaded guilty.  In addition, Files contends her plea counsel thought she was mentally ill.  Id.  Further, Files states: she was found to be schizophrenic upon evaluation; she showed signs of severe and persistent mental illness and had delusional beliefs about the incident; her mental health history revealed the presence of deep-rooted delusional beliefs; and the expert testified Files "was close to being not guilty by reason of insanity."  Id.  Files maintains she was not made aware of these findings but, had she known, she would not have pleaded guilty but would have gone to trial.  Id.

Respondent asserts Files raised this same enumeration of error in her state habeas corpus proceedings, and the state habeas court determined Files's claim lacked merit.  Doc. 6-1 at 4.  In addition, Respondent contends the state habeas court's determination is entitled to deference because that court applied the proper legal standard to Files's assertion and the state court's application of that standard was not unreasonable in light of the facts before that court.  Id. & at 8.

I.      **The State Court's Determination Is Entitled to Deference**

   A.     **Standard of Review**

Section 2254(d) of Title 28 of the United States Code sets forth the deference to be afforded to a State court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). In reviewing a petitioner's habeas claim under § 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the State court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 391 (2000). After determining the clearly established law, the reviewing court should next determine whether the State court's adjudication was "contrary to" clearly established Supreme Court caselaw or involved an unreasonable application of that clearly established Supreme Court law. Id. A state court's adjudication is contrary to clearly established Supreme Court caselaw if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the State court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413 (O'Connor, J., concurring). A state court's decision involves an unreasonable application of clearly established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively reasonable. Id. at 409 (O'Connor, J., concurring). To justify issuance of the writ under the "unreasonable application" clause, the state court's application of Supreme Court precedent must be more than just wrong in the eyes of the federal court; it "must be 'objectively unreasonable.'" Knight v. Fla. Dep't of Corr., 936 F.3d 1322, 1331 (11th Cir. 2019) (quoting Virginia v. LeBlanc, 582 U.S. 91, 94 (2017); in turn quoting Woods v. Donald, 575 U.S. 312, 316 (2015)); see also Bell v. Cone, 535 U.S. 685, 694 (2002) (explaining "an unreasonable application is different from an incorrect one"). In applying the deference standard, a reviewing court is to look to the decision of the last court which issued a

4

merits-based, reasoned determination. Wilson v. Sellers, 584 U.S. 122, 125 (2018); see also Pye v. Warden, Ga. Diagnostic Prison, 50 F.4th 1025, 1034 (11th Cir. 2022) (quoting Wilson and stating "the federal court must 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale' and 'presume that the unexplained decision adopted the same reasoning.'").

B. **Clearly Established Law**

The clearly established law regarding ineffective assistance of counsel is found in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) her counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) she suffered prejudice as a result of that deficient performance. Strickland, 466 U.S. at 685–86.

The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985). There is a strong presumption counsel's conduct fell within the range of reasonable professional assistance. Davis v. United States, 404 F. App'x 336, 337 (11th Cir. 2010) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984)). "It is petitioner's burden to 'establish that counsel preformed outside the wide range of reasonable professional assistance' by making 'errors so serious that [counsel] failed to function as the kind of counsel guaranteed by the Sixth Amendment.'" LeCroy v. United States, 739 F.3d 1297, 1312 (11th Cir. 2014) (quoting Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (alteration in original)). "Showing prejudice requires petitioner to establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (internal citation omitted). "The prejudice prong requires a petitioner to demonstrate that

seriously deficient performance of his attorney prejudiced the defense." Id. at 1312–13. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011). Under the deficient performance prong, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "To show an attorney's choice of strategy is unreasonable, a petitioner must show no competent counsel would have made such a choice." Brooks v. Perry, No. CV418-248, 2019 WL 2913799, at *4 (S.D. Ga. May 7, 2019), report and recommendation adopted, 2019 WL 2913313 (S.D. Ga. July 3, 2019) (citing Strickland, 466 U.S. at 690). Prejudice "occurs if 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Rivers v. United States, Case Nos. CV415-194, CR414-99, 2016 WL 2646647 at *1 n.2 (S.D. Ga. May 9, 2016) (quoting Strickland, 466 U.S. at 687).

In the context of ineffective assistance claims previously rejected by a state court, the petitioner bears the even heavier burden of 'show[ing] that the [state courts] applied Strickland to the facts of [her] case in an objectively unreasonable manner.'" McDuffie v. Smith, No. CV 319-051, 2020 WL 2744113, at *8 (S.D. Ga. Apr. 3, 2020), report and recommendation adopted, 2020 WL 2739822 (S.D. Ga. May 26, 2020) (quoting Bell v. Cone, 535 U.S. 685, 699 (2002); and then citing Cave v. Sec'y for Dep't of Corr., 638 F.3d 739, 748 (11th Cir. 2011) (noting where the state court has previously adjudicated a claim on the merits, the petitioner "has the additional burden of demonstrating that the state court's application of this demanding standard was not merely wrong, but objectively unreasonable")). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly." Bell, 535 U.S. at 99. "In short, an *unreasonable* application of federal law is

6

different from an *incorrect* application of federal law." Barwick v. Sec'y, Fla. Dep't of Corr., 794 F.3d 1239, 1245 (11th Cir. 2015) (italics in original).

"Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105. In addition, federal habeas courts are also guided "by the mandate that factual determinations made by a state court are presumptively correct unless rebutted by clear and convincing evidence." McDuffie, 2020 WL 2744113, at *9 (citing 28 U.S.C. § 2254(e)(1)). "Moreover, [the] AEDPA requires the Court give deference to the state-court decision, and that deference must be 'near its apex' when considering Strickland claims that turn on general, fact-driven standards." Boos v. White, No. CV 120-082, 2021 WL 4075828, at *5 (S.D. Ga. July 20, 2021), report and recommendation adopted, 2021 WL 4073281 (S.D. Ga. Sept. 7, 2021), certificate of appealability denied sub nom. Boos v. Warden, No. 21-13281-C, 2022 WL 892506 (11th Cir. Jan. 31, 2022), cert. denied sub nom. Boos v. White, 143 S. Ct. 242 (2022) (quoting Sexton v. Beaudreaux, 585 U.S. 961, 968 (2018)). The state habeas court denied Files's claims of ineffective assistance of counsel, and this Court must turn to that court's determination. Wilson, 584 U.S. at 125.

### C. Application to State Habeas Court's Determination

In her sole enumeration of error, Files asserts plea counsel, Brandon Clark, began representing her only a few days before she pleaded guilty and the case was on the trial calendar for the following week. Doc. 1 at 5. Files also asserts counsel met with her once, which was the day before she pleaded guilty. In addition, Files contends her plea counsel thought she was

mentally ill.  Id.  Further, Files states: she was found to be schizophrenic upon evaluation; she showed signed of severe and persistent mental illness and had delusional beliefs about the incident; her mental health history revealed the presence of deep-rooted delusional beliefs; and the expert testified Files "was close to being not guilty by reason of insanity."  Id.  Files maintains she was not made aware of these findings but, had she known, she would not have pleaded guilty but gone to trial.  Id.

Respondent generally alleges the state habeas corpus court's determination on this ground is entitled to a presumption of correctness, and Files has not overcome that presumption.  Doc. 6 at 3.  Respondent notes the state habeas court determined Files did not demonstrate Mr. Clark performed deficiently as her counsel, nor did Files demonstrate prejudice.  In addition, Respondent notes Files does not show the state habeas court applied Strickland in an unreasonable manner.  Doc. 6-1 at 8.

In her state habeas proceedings, Files asserted three claims of ineffectiveness of counsel: counsel did not advise Files regarding all of her defenses; counsel misadvised her regarding the effect her mental illness had on the State's case; and Files's plea was not entered into freely, intelligently, or knowingly.  Doc. 7-3 at 5.  As the factual basis for this ground, Files stated Mr. Clark (plea counsel) met with her the day before she pleaded guilty and reviewed the file with her.  Doc. 7-5 at 4.  Instead of reviewing lesser offenses or affirmative defenses to the charges, Mr. Clark told Files she "had no chance to win[]" due to mental health issues.  Id. at 5.  Files stated she would have gone to trial because the jury would have seen she was unstable had she known a psychologist had opined Files was operating under delusional compulsions at the time of the offenses.  Id. at 6, 7.

The state habeas court reviewed Files's petition, the entire record—including transcripts from the evidentiary hearing, and the applicable law—and found Files's ineffective assistance claims were without merit under Strickland. Doc. 7-8. The state court noted under Strickland, Files had to show Mr. Clark's performance was deficient or that his deficient performance prejudiced her in such a way that there was a reasonable probability, but for Mr. Clark's errors, she would not have pleaded guilty and insisted on going to trial. Id. at 3.

The state habeas court considered Files's claim that Mr. Clark did not advise her about her legal defenses. The state habeas court found that Files did not carry her burden to show Mr. Clark was ineffective or that Files was prejudiced in any way, even if Mr. Clark had been placed "in the difficult position of preparing for a trial on short notice[.]" Id. In so doing, the state habeas court discussed Mr. Clark's testimony during the habeas hearing and noted Mr. Clark testified that he prepared for the case, including reviewing the case file and discussing the case with Files's prior attorneys. In addition, the state court noted Mr. Clark explained to Files the "only potentially viable defense" was related to delusion compulsion, though he did not believe this would be a winning defense based on the second mental evaluation the defense had done.[3] Defense counsel did not introduce this evaluation as a defense but did introduce the evaluation as evidence in mitigation during Files's sentencing. Id. at 4. Mr. Clark testified he could not recall discussing the details of the mental evaluation but did review the evaluation generally and the

---

[3] Files had two mental health evaluations. Mr. Clark testified during the state evidentiary hearing that the State had one evaluation done initially and, because defense counsel were "dissatisfied" with that evaluation (a finding of competence), Files's counsel hired Dr. Daniel Fass to evaluate Files. Doc. 7-6 at 8. Mr. Clark also testified Dr. Fass could not have testified to support any affirmative defense based on Files's mental health conditions. Doc. 7-7 at 14–15. Indeed, while Dr. Fass found Files to have schizophrenia and delusional compulsion leading her to commit the charged crimes, he also opined Files did not act solely as a result of any of her mental health issues and she should be held criminally responsible for her charged offenses. Id. at 35, 38–39. As noted in the body of this Report, Dr. Fass testified at Files's sentencing hearing to present mitigating evidence. Id. at 75–97.

psychologist's conclusions with Files. In addition, Mr. Clark testified that he discussed possible defenses with Files, including mental illness and delusional compulsions, but did not think any defense would succeed without having an expert witness who could testify in support of an affirmative defense. Id.

The state habeas court concluded Files did not show Mr. Clark was ineffective because he did discuss potential legal defenses with her. And the state court determined Files could not show she would have insisted on proceeding to trial, i.e., was prejudiced by any alleged ineffective assistance, because the psychologist's conclusions did not support a delusional compulsion defense. Id. The state habeas court determined the only evidence supporting Files's assertion she would not have entered a guilty plea but for Mr. Clark's alleged ineffective assistance was "her own self-serving testimony[,] which is not supported by the record in this case." Id.

Here, Files presents nothing to meet her burden of showing the state habeas court applied Strickland in an unreasonable manner to the facts before it. McDuffie, 2020 WL 2744113, at *8. Instead, Files simply states, had she known about the findings from the psychologists' evaluations, she would not have pleaded guilty and would have proceeded to trial. Doc. 1 at 5. Files says nothing about the state habeas court's findings on this ground and certainly makes no showing the state habeas court erred in rejecting this ground of alleged ineffective assistance of counsel or the state court's finding is not entitled to the presumption of correctness. Because Files fails to meet her burden, the Court should reject her ineffective assistance of counsel claim and dismiss Files's Petition.[4]

---

[4] Though Files sets forth a number of assertions in support of her ineffective assistance claim here, she only raises one ground. Doc. 1. Thus, the Court has only addressed this one ground, even though Files raised three separate enumerations of error during her state habeas proceedings. Doc. 7-8.

II.     **Leave to Appeal *in Forma Pauperis* and Certificate of Appealability**

The Court should also deny Files leave to appeal *in forma pauperis* and deny her a Certificate of Appealability. Though Files has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when she seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a

constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of the filings in this case and applicable case law and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Files *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY** Files's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, doc. 1, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Files leave to proceed *in forma pauperis* and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 13th day of November, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA