IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| RENATA FILES, | |
| Petitioner, | CIVIL ACTION NO.: 6:23-cv-57 |
| v. | |
| KAREN FLOWERS, | |
| Respondent. | |

## ORDER

Petitioner Renata Files ("Files") has filed Objections to the Magistrate Judge's Report and Recommendation for the Court to deny Files's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. Doc. 9. The Magistrate Judge concluded Files failed to meet her burden of showing the state habeas court applied the controlling law in an unreasonable manner to the facts before that court. Doc. 8.

In her Objections, Files asserts the Magistrate Judge's finding is unreasonable because "the issue is not whether Files would have won at trial but whether plea counsel informed [her] regarding the details in the evaluation because that was clearly her sole defense." Doc. 9 at 5. Files also asserts the Magistrate Judge erred in finding the state habeas corpus court "was not unreasonable in finding that the only evidence supporting Files'[s] assertion that she would not have pled guilty is her own testimony." Id. Specifically, Files contends the Magistrate Judge erred by relying on the state habeas court's finding that "plea counsel discussed the effect of mental illness on the case[,] including the potential defense of delusional compulsion[,]" because, Files also contends, plea counsel did not testify to this. Id.

Contrary to Files's assertions, plea counsel did testify that he discussed the competency evaluations with Files.[1] Files's plea counsel stated he did not think there was any hope anyone would have found Files not guilty by reason of insanity, yet her mental state was "all [they] really had."[2] Doc. 7-7 at 9. Plea counsel also testified he had spoken with two of Files's previous attorneys about her case. Doc. 7-6 at 10. Moreover, plea counsel testified that, while he could not recall the specifics of the conversation he had with Files regarding the evaluations, he did know he told her the doctor's "ultimate opinion," which meant the doctors would not testify in a way that would "support mental health as a defense." Doc. 7-7 at 13–14. Although there were facts in place that may have indicated Files acted under a delusional compulsion, plea counsel also explained the doctor did not conclude that Files was not competent to proceed to trial, and plea counsel would not have advised Files to go to trial without an expert willing to opine in her favor. Id. at 16–18. The doctor's report was used during sentencing for mitigation purposes. Id. at 20.

Nothing in Files's Objections or in her Petition establishes her burden of showing the state habeas corpus court's determination on her ineffective assistance claims was an unreasonable application of the facts to the standard of Strickland v. Washington, 466 U.S. 668 (1984). Instead, it appears Files wishes for this Court to re-examine the facts presented to the state habeas court

---

[1] Two evaluations were performed. The second evaluation was done after the public defender's office was dissatisfied with the State's doctor's finding Files was competent. Doc. 7-6 at 6–9, 10.

[2] Files's counsel experienced technical difficulties during the first part of the state habeas court hearing. Doc. 7-6. During the second part (or continuation) of the hearing, plea counsel could not recall whether there were two evaluations done, but he did not have his notes with him during his testimony. Doc. 7-7 at 20. However, it appears the same doctor performed both evaluations, though at different times. Id. at 82–83.

As for Files's statement in her Objections about the judge and defense attorney noting Files was schizophrenic, so there would no finding of malice, doc. 9 at 4, these statements were made during the sentencing portion of Files's prosecution and concerned the merging of several counts. Doc. 7-7 at 106–07. These statements do not weigh on whether the state habeas court applied Strickland in an unreasonable manner to the facts before it.

and apply those facts to find that Files's plea counsel rendered ineffective assistance during Files's criminal prosecution. See Docs. 1, 9. As the Magistrate Judge noted, however, this is not the role of this Court. This Court is to determine whether a petitioner—here, Files—meets her burden of showing the state habeas court applied the controlling law—here, Strickland—in an unreasonable manner to the facts before that court. Doc. 8 at 10. Files has failed to do so and is not entitled to her requested relief. Id. at 3–10. Files's plea counsel did testify that he discussed Files's mental illness with her, including whether there were a viable defense to the charges she faced based on her mental health, but counsel determined this would not be viable due to the lack of an expert's opinion supportive of this strategy. See Docs. 7-6, 7-7. And there is nothing in the state habeas court's final order, as amended, that reveals that court applied Strickland in an unreasonable manner to the facts before it. Doc. 7-8 at 3–4.

Accordingly, the Court **OVERRULES** Files's Objections and **ADOPTS** the Magistrate Judge's application of the law to the facts as the opinion of the Court, after an independent and de novo review of the entire record.[3] The Court **DENIES** Files's 28 U.S.C. § 2254 Petition, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Files *in forma pauperis* status on appeal and a Certificate of Appealability.

**SO ORDERED**, this 20th day of December, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Files does not object to the Magistrate Judge's standard of review or the clearly established law. Doc. 9 at 3. I find no clear error in the Magistrate Judge's standard of review or clearly established law and **ADOPT** these portions of the Report and Recommendation as the opinion of the Court. See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (If no specific objections are made or no objections are made at all, "the appropriate standard of review for the report and recommendation is clear error.").